IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 5:19-cv-00235

| | |
|---|---|
| AARON POWELL, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) COLLECTIVE ACTION<br>) COMPLAINT<br>) |
| ABBOTT LABORATORIES, INC., and ST. JUDE MEDICAL S.C., INC. | )<br>)<br>) |
| Defendants. | ) |

Plaintiff, Aaron Powell ("Powell"), individually and on behalf of all other similarly-situated employees, by and through his counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA") against Abbott Laboratories, Inc. ("Abbott") and Jude Medical S.C., Inc. ("St. Jude Medical") (hereinafter collectively referred to as "Defendants"), and alleges, upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

## NATURE OF ACTION

1. Powell contends that Abbott violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by knowingly suffering and/or permitting Powell and the putative Collective members (hereinafter collectively referred to as "Plaintiffs") to work in excess of 40 hours per week without properly compensating them at an overtime premium rate for these overtime hours.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." Powell has signed an opt-in consent form to join this lawsuit. (Exhibit A).

3. This Court has jurisdiction over Powell's claims pursuant to 28 U.S.C. §1331 because Powell's claims arise under the FLSA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants conduct business in this District.

## PARTIES

5. Upon information and belief, in or about January 2017, Abbott acquired St. Jude Medical, thus adding a line of cardiovascular medical devices to its product line and offering employment to many of St. Jude Medical's employees. Abbott owns 100% of St. Jude Medical stock.

6. St. Jude Medical is a Minnesota corporation with its principal place of business in Austin, Texas.

7. Abbott is a foreign business corporation registered and in good standing in the State of North Carolina since 1967, with its principal place of business located in Abbott Park, Illinois.

8. Defendants' gross annual sales made or business done has been in excess of $500,000 for each of the three year periods prior to the filing of this Complaint.

9. Powell is a resident of Apex, North Carolina. Powell worked for St. Jude Medical and became an employee of Abbott following Defendant Abbott's acquisition of St. Jude Medical. Powell was employed by Abbott from approximately January 2017 through September 2017.

Powell's job title at St. Jude Medical was Integrated Lab Engineer. Following the acquisition, Powell's job title was changed to Field Service Engineer ("FSE"). At all times relevant, Powell's primary job duty was installing, repairing, troubleshooting, servicing and maintaining cardiovascular medical devices manufactured by Defendants.

10. At all times relevant, Defendants were Powell's "employer" as defined by the FLSA, 29 U.S.C. §203(d), and was actively engaged in the conduct described herein. Throughout the relevant period, Defendants employed Powell and similarly-situated employees within the meaning of the FLSA.

**FACTS**

11. Powell brings this action on behalf of himself and all other similarly situated individuals. Plaintiffs were, or are, employed by Defendants in the field as FSEs, field service technicians ("FST"), or other job titles performing similar duties, within three years of the date this Complaint was filed. Plaintiffs' primary job duties and responsibilities consist or consisted of non-exempt work: installing, repairing, troubleshooting, servicing and maintaining cardiovascular medical instrumentation and devices manufactured by Defendants. FSEs and FSTs install, service, and repair the same cardiovascular medical devices, with the exception of a device called Mediguide, which only FSEs are permitted to work on.

12. Defendants suffered and permitted Plaintiffs to work more than forty (40) hours per week without overtime pay.

13. Defendants paid Powell a salary during each week of his tenure with no overtime pay for hours worked in excess of 40.

14. Defendants changed the pay of other cardiovascular FSEs and FSTs from salary to hourly, or hourly to salary (with no overtime pay), during different time periods during the three

3

year period prior to the date this Complaint was filed. Regardless of the manner of pay, the job duties of these FSEs and FSTs did not change, nor did the hours they worked.

15. Powell estimates that during his tenure with Defendants, he worked between 70 to 80 hours each week, including travel time, depending on the needs of Defendants. Based on Powell's discussions and observation with other cardiovascular FSEs and FSTs, Powell has personal knowledge that Defendants' other FSEs and FSTs perform similar job duties and regularly work or worked in excess of 40 hours per week and were not paid overtime during the periods these individuals were paid a salary.

16. Despite the fact that the Plaintiffs did not meet any test for exemption, Defendants failed to pay them the requisite overtime rate of 1½ times their regular rate for all hours worked more than 40 hours per week ("Overtime Hours").

17. Defendants knew, and was aware at all times, of the above-mentioned violations because Defendants assigned the work and required that Plaintiffs work whatever number of hours were necessary to complete all of their job duties and responsibilities.

18. In or about March 2018, one of Defendants' cardiovascular FST complained to Defendants' management via letter that Defendants unlawfully misclassified FSEs and FSTs as exempt from the overtime provisions of the FLSA.

## DEFENDANT WILLFULLY VIOLATED THE FLSA

19. Defendants have no legitimate basis to believe the Plaintiffs were exempt from the overtime requirements of the FLSA. Instead, Defendants either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiffs overtime compensation for all Overtime Hours worked. Defendants' willful actions and/or willful failures to act, included, but were not necessarily limited to:

a. Defendants maintained or should have maintained payroll and time keeping records that reflected that Plaintiffs did, in fact, regularly work Overtime Hours and therefore, Defendants had actual or constructive knowledge that the Plaintiffs worked overtime;

b. Defendants knew that it did not pay Plaintiffs one and one half (1½) times their regular rate of pay for all Overtime Hours worked;

c. Defendants lacked any good-faith basis to believe that cardiovascular FSEs and FSTs fit within any exemption from the overtime requirements of the FLSA; and

d. Defendants were aware from prior FLSA litigation and employee complaints that its FSEs and FSTs in its other divisions were not exempt from the overtime provisions of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Powell brings this collective action on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendants' violation of the FLSA.

21. Powell pursues the requested relief on behalf of the following individuals ("the Class"):

> **All individuals who currently work, or have worked, for Defendants as a Field Service Engineer, Field Service Technician, or any other similarly titled position or position performing similar job duties, in Defendants' Cardiovascular Division at any time within the preceding 3-years from the date of filing the complaint.**

22. Powell is a member of the class he seeks to represent because he was a Field Service Engineer employed by Defendants during the relevant period, routinely suffered or was permitted to work more than 40 hours per week, as described above, and was not paid an overtime premium rate for the time he worked over 40 hours per week.

23. Specifically, Defendants engaged in common schemes to avoid paying Plaintiffs' overtime pay when they worked in excess of 40 hours per week, even though Plaintiffs did not satisfy the necessary conditions exempting them from overtime.

24. Although Plaintiffs may have worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

   a. Powell and the Plaintiffs were all paid under the same compensation structure;

   b. Powell and the Plaintiffs performed similar job duties;

   c. Powell and the Plaintiffs worked in excess of 40 hours per week during one or more workweeks while employed by Abbott;

   d. Regardless of their location, Abbott did not pay Powell and the Plaintiffs an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

   e. Defendants maintained common timekeeping and payroll systems and policies with respect to Powell and the Plaintiffs, regardless of their location.

25. Defendants encouraged, suffered and permitted Powell and Plaintiffs to work more than forty (40) hours per week without proper overtime compensation.

26. Defendants knew that Powell and Plaintiffs performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as previously described, to deprive Powell and Plaintiffs of wages and overtime compensation.

27. Defendants' conduct as alleged herein was willful and has caused damage to Powell and to Plaintiffs.

28. Defendants are liable under the FLSA for failing to properly compensate Powell and Plaintiffs. Plaintiffs request that the Court authorize notice to the members of the collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

29. Powell estimates that the collective Class, including both current and former employees over the relevant period, will include approximately 50-60 members. The precise number of collective Class members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Powell as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the collective class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA FOR ALL OVERTIME HOURS WORKED

30. Powell realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

31. Defendants operate an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

32. Powell and the Class members are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

33. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

34. Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Powell and Plaintiffs to work overtime hours each week without paying them premium overtime pay.

35. Throughout the relevant period, Powell and Plaintiffs each worked in excess of 40 hours per week during one or more workweeks but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

36. The foregoing actions of Defendants violated the FLSA.

37. Defendants' actions were willful and not in good faith.

38. Powell and Plaintiffs have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

39. Defendants are liable to Powell and Plaintiffs for actual damages, liquidated damages and equitable relief pursuant to 29 U.S.C. § 216(b) as well as reasonable attorneys' fees, costs and expenses.

40. Powell and Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing their violation of the FLSA and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Powell, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against the Defendants, jointly and severally, and in favor of Powell and all others similarly situated, for a sum that will properly, adequately and completely compensate Powell and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all FSEs and FSTs, or any other similarly titled position or similar job duties, who have worked for the Defendants within the last three years;

B. Authorize Powell's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all FSEs and FSTs, or any other similarly titled position or similar job duties who worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify Count I as a collective action;

D. Declare and find that the Defendants committed one or more of the following acts:

  i. Violated provisions of the FLSA by failing to pay overtime wages to Powell and similarly-situated persons who opt-in to this action;

  ii. Willfully violated provisions of the FLSA;

E. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F. Award liquidated damages on all compensation due accruing from the date such amounts were due;

G. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such further relief as the Court deems just and equitable.

Dated: June 7, 2019                                  Respectfully Submitted,

/s/ Jason S. Chestnut
Jason S. Chestnut NCSB # 52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582

**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email:  jason@gibbonsleis.com
        phil@gibbonsleis.com
        craig@gibbonsleis.com